IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORRECTIONAL MEDICAL SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| JOHN DOE, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW plaintiff Correctional Medical Services, Inc. ("CMS"), and for its Complaint against Defendant John Doe ("Doe"), states as follows:

### Jurisdiction and Venue

1. This is an action for false advertising and unfair competition arising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The court has subject matter jurisdiction under 28 U.S.C. § 1331.

2. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b). This Court has personal jurisdiction over the Defendant.

### The Parties

3. CMS is a corporation incorporated under the laws of the State of Missouri with its principal place of business in the Eastern District of Missouri in St. Louis County. CMS provides contracted healthcare services to correctional facilities across the country.

4. Upon information and belief, John Doe is a competitor of CMS and/or its agent.

5. CMS is currently unaware of the identity of Doe because he has purposefully concealed his identity and therefore CMS sues the individual as John Doe. Despite diligent

investigation, CMS has not been able to ascertain the identity of Doe and needs to conduct discovery to determine his true identity.  Once his identity has been revealed, CMS will amend the Complaint.

### Nature of the Action

6. On or about November 12, 2010, Doe created the website http://www.cmsdoesnotcare.com ("Website").

7. The Website includes information related to the bidding process for procurement of healthcare services in Maryland correctional facilities.

8. CMS participated in the Maryland bidding process but was not the successful bidder.

9. On the Website, Doe makes numerous false statements about CMS, including but not limited to the following:

   A. "[CMS] does not care that they are costing the state lots of money by doing this, they just want the revenue."

   B. "[CMS] executives have directed their Maryland management team to NOT cooperate with the transition to the new contract."

   C. "They have demanded that they intercept offer letters from the new vendor to employees for the transition . . ."

   D. "They have lied to employees in Maryland saying that the new awarded contract cannot be entered into if they appeal the denial."

### COUNT I

**False Advertising and Unfair Competition (15 U.S.C. § 1125(a))**

10. CMS restates and incorporates by reference here the allegations set forth in the previous paragraphs of this Complaint.

11. Upon information and belief, CMS and Defendant are competitors in the industry of contracted healthcare services for correctional facilities.

12. On the Website, Defendant has committed false advertising and has engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that:

    A. Those statements of fact are literally false;

    B. Those false statements actually deceive or have a tendency to deceive a substantial segment of Defendant's audience;

    C. The deception is material in that it is likely to influence purchasing and/or procurement decisions;

    D. Defendant has caused its false statements to enter interstate commerce; and

    E. CMS has been or is likely to be injured as a result of the false statements either by direct diversion of sales or procurement of its services from itself to Defendant or by a loss of goodwill associated with its services.

13. These wrongful acts of Defendant have caused irreparable injury to CMS, and unless this Court restrains Defendant from further false advertising and unfair competition, CMS will continue to suffer irreparable injury for which it has no adequate remedy at law.

14. As a direct and proximate result of Defendant's wrongful acts, Defendant has been unjustly enriched and CMS has suffered and is continuing to suffer damages and injuries to its business in an amount not yet fully determined.

WHEREFORE, CMS prays that the Court enter judgment in its favor and against defendant on all counts as follows:

    A. A preliminary injunction during the pendency of this action and a permanent injunction thereafter enjoining and restraining Defendant, its agents, servants and employees, and all others in active concert or participation with any of them who

receive actual notice of the order by personal service or otherwise, from engaging in the noted and other acts of false advertising and unfair competition.

      B.      An award of monetary damages sufficient to compensate CMS for the injuries suffered as a result of Defendant's wrongful conduct, including corrective advertising costs;

      C.      An award of Defendant's profits and unjust enrichment realized from its wrongful activity;

      D.      An award of punitive damages in an appropriate amount;

      E.      An award to CMS of prejudgment interest and its costs and reasonable attorney's fees expended in this action; and

      F.      Such other and further relief as the Court deems just and proper.

Dated: December 23, 2010                Respectfully submitted,

**BRYAN CAVE LLP**

By:   /s/ Daniel M. O'Keefe
Daniel M. O'Keefe, E.D. Bar. 45819MO
James R. Wyrsch, E.D. Bar. 53197MO
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2000
Fax: (314) 259-2020

**ATTORNEYS FOR CORRECTIONAL MEDICAL SERVICES, INC.**