IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORIZON, INC., ) | |
| ) | |
| f/k/a/ Correctional Medical Services, Inc. ) | |
| ) | |
| Plaintiff, ) | Case No. 4:10-cv-02430-DDN |
| ) | |
| v. ) | |
| ) | |
| WEXFORD HEALTH ) | |
| SOURCES, INC. ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT WEXFORD HEALTH SOURCES, INC'S REPORT ON THE STATUS OF ALTERNATIVE DISPUTE RESOLUTION**

Corizon, Inc. ("Corizon") respectfully responds to Wexford Health Sources, Inc.'s ("Wexford") Report on the Status of Alternative Dispute Resolution, as follows:

1. As the Court will recall, the parties discussed ADR at the initial status conference. *See* Transcript of Motion Hearing Rule and Rule 16 Conference, November 2, 2011 ("Tr.") (D.E. 42, pp. 26-28).  Counsel for Wexford stated that she saw "no reason to delay any sort of ADR efforts… in any way, shape or form" (Tr. 27:13-16), while Corizon suggested that it would be more productive after the completion of discovery (Tr. 26:20-25).  The court decided that ADR would commence from April 1, 2012 to May 30, 2012, but referred the parties to ADR immediately [D.E. 35] and suggested to the parties that they could engage in settlement discussions at any time (Tr. 27:17-23).

2. Despite Wexford's insistence on early mediation, Wexford has never raised the subject of ADR until they filed the ADR status report on April 2, 2011.

3. In fact, on March 30, 2012, just days before filing the status report on ADR, counsel for Wexford sent a draft proposal of mutually agreed upon extensions of the deadlines in this case, including those for ADR. Corizon sent a revised draft to Wexford on April 2, 2012.

4. This proposal was the result of discussions between counsel about complications that had arisen in scheduling depositions that would necessitate an extension of the discovery deadline.

5. Based on these discussions, counsel for Corizon understood that the ADR deadlines would be moved.

6. Although counsel for parties engaged in active correspondence about a joint extension of the discovery deadline, Wexford counsel never mentioned the ADR deadline or its intent to file a proposed status report regarding ADR. *See* Exhibit A.

7. The parties have now agreed among themselves to a proposed extension of the deadlines, including ADR. *See* [D.E. 49].

8. With regard to the scheduling of depositions, Wexford noticed up six depositions on February 24, 2012.

9. Although the parties were actively engaged in correspondence regarding written discovery in February and March, counsel for Wexford never did not raise the issue of scheduling depositions again until March 7, 2012. On the same day, Wexford also noticed two third-party depositions. As Corizon had done with its depositions, Wexford indicated that it would be willing to be flexible regarding dates for the depositions.

10. The witnesses that are subject of the deposition notices live in at least four different states (Utah, Maryland, Arizona, and Missouri).

11. On March 12, 2012, Corizon responded to this request and suggested that the parties conduct the depositions in groups, based on geographic location.  In order to effectively schedule the depositions, Corizon also asked how long Wexford would need for each witness.

12. On March 13, 2012, Wexford again requested proposed dates, but did not respond to Corizon's request regarding the time needed for each witness or whether they agreed to conduct the depositions in groups.  Later that day, after being reminded, Wexford informed Corizon of the anticipated amount of time for each deposition.  Wexford did not, however, address Corizon's proposal to conduct the deposition in groups.

13. Coordinating the depositions was difficult because some of the deponents are former employees and others are contract employees with whom Corizon does not have frequent dealings.  Nevertheless, counsel for Corizon worked to get dates for all deponents as quickly as they could and on March 19, sent counsel for Wexford several dates for the depositions of the witnesses, grouped around the proposed third-party depositions.

14. On March 19, Wexford informed Corizon that service had not been made on the Maryland third-party deponent and that the witness for the deposition in Utah was unavailable on the proposed date for that deposition.

15. On March 28, 2012, Corizon then sent Wexford proposed dates for the St. Louis depositions in April, and even agreed to fly the Arizona witness to St. Louis.

16. On March 30, 2012, Wexford responded that despite having three attorneys of record, only one of the attorneys would conduct the depositions and she was not available for depositions in April.  Wexford then requested dates in May.

17. On April 2, Corizon offered several more dates for the St. Louis depositions in first two weeks of May.  Wexford did not respond to those proposed dates until April 10, 2012..

18. Corizon has also suggested to wait to schedule the Maryland depositions to coordinate with the third-party deposition because it would be more convenient and less expensive. To date, Wexford has made no response to that offer.

19. Corizon has worked diligently throughout this process to schedule depositions that could have been noticed much earlier.

20. The parties have worked together courteously and professionally to schedule depositions and work out discovery disputes. Corizon was therefore surprised that Wexford unilaterally filed the ADR status report without any notice to Corizon, so Corizon felt that it needed to put the entire record in front of the Court.

Dated: April 10, 2012                                   Respectfully submitted,

                                                     **BRYAN CAVE LLP**

                                                     By:      /s/ Daniel M. O'Keefe
                                                         Daniel M. O'Keefe, E.D. Bar. 45819MO
                                                         James R. Wyrsch, E.D. Bar. 53197MO
                                                         One Metropolitan Square
                                                         211 North Broadway
                                                         Suite 3600
                                                         St. Louis, MO 63102
                                                         Tel: (314) 259-2000
                                                         Fax: (314) 259-2020

                                                 **ATTORNEYS FOR CORIZON, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2012, the foregoing was filed with the Clerk of Court electronically to be served by operation of the Court's electronic filing system upon the following:

Michael Duvall
Elizabeth T. Ferrick
Luke G. Maher
SNR DENTON US LLP
One Metropolitan Square, Suite 3000
St. Louis, MO 63102

Attorneys for Defendant

                                                                                      /s/ Daniel M. O'Keefe